UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ cv

TARGET CORPORATION,

        Plaintiff,

v.

CONTINENTAL CASUALTY INS. CO.
and IMPERIAL ROOF SYSTEMS CO.,
and KAREN CARR,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff TARGET CORPORATION (hereinafter "Target"), by and through its undersigned counsel, and hereby files this Complaint for Declaratory Judgment against Defendants, CONTINENTAL CASUALTY INS. CO. (hereinafter "CNA") and IMPERIAL ROOF SYSTEMS CO. (hereinafter "Imperial Roof") and KAREN CARR (hereinafter "Carr").

### Nature of this Action

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

2. In this action, Target seeks a declaration that there is coverage for Target under the policy of insurance issued by CNA to Imperial Roof under which Target is an additional insured, for the lawsuit arising out of an alleged slip and fall incident which has been brought by Carr against Target in the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida; Case No.: 2014-CA-009864 (*see* Carr's Amended Complaint (hereinafter "Underlying Complaint") attached as Exhibit "A").

1

3. Target seeks a further declaration that the Defendants, CNA and/or Imperial Roof, are obligated to defend and indemnify Target in relation to the Carr lawsuit.

4. Target has provided notice of the Carr lawsuit to all parties.

## The Carr Lawsuit

5. Carr was allegedly involved in a slip and fall incident that occurred in a Target store located at 1200 Linton Boulevard, Delray Beach, Palm Beach County, Florida, on or about June 1, 2013.

6. Carr alleges that "Target maintained the roof and air-conditioning system on said property through its agents and servants including but not limited to Imperial Roofing Systems, Inc." *See* Exhibit "A" at ¶4.

7. Carr further alleges that "prior to June 1, 2013, . . . Imperial [Roof] . . . [was] specifically aware that the roof and air-conditioning system at the premises allowed rainwater and/or condensate to leak into the store." *See* Exhibit "A" at ¶5.

8. Carr also alleges that "while walking in the 'raceway' at the front of the store, [she] slipped and fell in water which entered the store from a roof leak and/or air-conditioning condensate leak which was inappropriately repaired and/or maintained by . . . Imperial [Roof] . . ." *See* Exhibit "A" at ¶8.

9. Carr alleges that "the dangerous conditions described above were created by and/or known to . . . Imperial [Roof] prior to Carr's fall or had existed for sufficient length of time so that . . . Imperial [Roof] should have known of those dangerous conditions." *See* Exhibit "A" at ¶14.

10. CNA and Imperial Roof's obligation to defend and indemnify Target as it relates to the lawsuit brought against Target by Carr arise under the Commercial General Liability insurance policy issued by CNA to Imperial Roof (hereinafter the "Policy" attached as Exhibit "B"), which listed Target as an Additional Insured (*see* Certificate of Liability Insurance attached as Exhibit "C"), as well as pursuant to the "Agreements" entered into between Target and Imperial Roof, namely the Target Corporation Supplier Qualification Agreement for Services (hereinafter "SQA" attached as Exhibit "D") and the Target Corporation Program Agreement for Repair & Maintenance of Roof and Exterior (hereinafter "Program Agreement" attached as Exhibit "E"), and all amendments thereto (attached as Exhibit "F").

11. Specifically, CNA issued Policy No. 1078687712 to Imperial Roof, listing Target as an Additional Insured for the policy period May 1, 2013 to May 1, 2014, which encompasses Carr's date of incident.

12. Target has requested defense and indemnification from Imperial Roof and CNA as it relates to Carr's lawsuit against Target.

13. In response, CNA initially agreed to defend and indemnify Target but under a Reservation of Rights, with CNA's counsel providing the defense for Target (*see* "CNA letter" attached as Exhibit "G").

14. Target did not agree to CNA's condition that CNA select counsel to represent Target and Target requested to maintain its original counsel, Jon Derrevere, to continue to represent the interests of Target.

15. However, there has been no formal response received from CNA to Target's request.

16. Given CNA's non-response, Target does not know its rights under the Policy issued by CNA to Imperial Roof, under which Target is an Additional Insured.

17. As a result, Target files the instant action for Declaratory Relief.

## Jurisdiction and Venue

18. Target Corporation is a corporation registered in the State of Minnesota with its principal place of business/headquarters located in Minneapolis, Minnesota (*see* Target's Annual Report filed with the Florida Department of State attached as Exhibit "H").

19. Upon information and belief, Defendant CNA is a corporation registered in the State of Illinois with its principal place of business/headquarters located in Chicago, Illinois (*see* CNA's Annual Report filed with the Florida Department of State attached as Exhibit "I").

20. Upon information and belief, Defendant Imperial Roof is a corporation registered in the State of Iowa with its principal place of business/headquarters located in West Union, Iowa (*see* Imperial Roof's Annual Report filed with the Florida Department of State attached as Exhibit "J").

21. Upon information and belief, Defendant Karen Carr is a citizen of the State of Florida (*see* Carr's Answers to Interrogatories in the underlying action attached as Exhibit "K").

22. The amount in controversy exceeds $75,000, exclusive of costs and interests.

23. This is an action for both attorneys' fees related to the defense of the underlying personal injury matter brought by Karen Carr against Target, as well as indemnification in said action.

24. As it relates to indemnification, Target has received a settlement demand in the Carr lawsuit, which far exceeds the jurisdictional limit of this Court. (Due to the confidential nature of settlement discussions, the undersigned is not disclosing the precise amount of the settlement demand. However, should the Court require same to determine whether diversity subject matter jurisdiction exists, then the undersigned will provide such information to the Court).

25. Target has also received medical records and bills for the Plaintiff which shows that Carr underwent arthroscopic repair of a medial meniscus tear of her right knee and has sustained herniated discs at multiple levels, already incurring at least $53,180.67 in medical expenses to date. There is also a surgical recommendation for an additional knee surgery. (Due to HIPAA considerations, the undersigned cannot produce a copy of the Plaintiff's medical records or bills with its Complaint. However, should the Court need to review the actual records to determine whether diversity subject matter jurisdiction exists, then the undersigned will provide such documentation to the Court).

26. The type of injuries suffered by the Plaintiff; the medical treatment, including surgery, rendered as a result of the subject incident; future surgical recommendation; medical bills totaling $53,180.67, and Plaintiff's settlement demand which is well over the $75,000 jurisdictional threshold, provide the

necessary "other paper" which allows Target and the Court to ascertain that the amount in controversy exceeds the $75,000 jurisdictional value.

27. Jurisdiction in this Court is therefore proper under 28 U.S.C. §1332(a)(1) in that Target, CNA, Imperial Roof and Carr, are citizens of different states and the amount in controversy exceeds $75,000.

28. Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the instant claim, to wit, the slip and fall sustained by Karen Carr which is the subject of the underlying action, occurred in a Target store located in Palm Beach County, Florida, where it is alleged that Imperial Roof performed services and acts and/or omissions which caused Carr to slip and fall. Additionally, the Carr's lawsuit was filed in Palm Beach County, Florida, which is within the Southern District of Florida.

## COUNT I
## Declaratory Judgment – Duty to Defend

29. Target incorporates paragraphs 1 - 28 as fully set forth above.

30. Target is an Additional Insured under the Policy. *See* Exhibit "C".

31. The Policy designates Target as an insured as follows:

    A. Section II – Who is an Insured is amended to include as an additional insured:
        1. Any person or organization whom you are required by "written contract" to add as an additional insured on this Coverage Part; and
        2. The particular person or organization, if any scheduled above.

    *See* Blanket Additional Insured – Owners, Lessees or Contractors Endorsement attached as Exhibit "L" at p. 1 of 2.

32. The grant of liability coverage under the Additional Insured Endorsement, expressly and unambiguously provides that insurance is provided to the additional

insured Target for "bodily injury," "property damage," or "personal and advertising injury" caused in whole or in part by the acts or omissions of Imperial Roof and those acting on their behalf in the performance of their ongoing operations specified in their Agreements with Target.  *See* Exhibit "L" at p. 1.

33. The Underlying Complaint for bodily injury caused by the acts, omissions and/or services performed by Imperial Roof, triggers coverage for Target, the Additional Insured, under the Policy.

34. Additionally, the SQA requires indemnification of Target by Imperial Roof, the insured of CNA, as it relates to Carr's lawsuit in that the Underlying Complaint alleges bodily injury caused by the acts, omissions and/or services performed by Imperial Roof.

35. The SQA in pertinent part states as follows:

**Paragraph 8.1 - Indemnification and Defense of Target:** Supplier [Imperial Roof] shall defend, indemnify and hold harmless Target, its affiliates, and their respective directors, officers, employees, contractors and agents (the Target Parties) from and against any liabilities, losses, investigations or inquiries, claims, suits, damages, costs and expenses (including without limitation, reasonable attorneys' fees and expenses) (each, a Claim) arising out of or otherwise relating to the Services, Supplier's operations, Supplier's performance or failure to perform as required by the Agreement, Supplier's acts or omissions, or any of Supplier's representations or warranties contained in the Agreement.

**Paragraph 9.2 - Commercial General Liability Insurance**: Commercial general liability (CGL) with minimum limits of coverage of not less than $2,000,000 per occurrence for bodily injury and property damage which must include the following coverages: products and completed operations, contractual liability for liabilities assumed by Supplier under the Agreement, personal and advertising injury liability, and property in the care, custody or control of Supplier. Supplier's CGL insurance must: (i) designate Target as an additional insured, including with respect to third party claims or actions brought directly against Target or against Target and Supplier as co-defendants and arising out of the Agreement, and (ii) provide for a severability of interests.

**Paragraph 9.6(d) – General Insurance Requirements:** Supplier's insurance shall be primary and required to respond to and pay prior to any other available coverage of Target.

36. The allegations of Carr in the Underlying Complaint show that the occurrence in question comes within the coverages of the Policy.

37. Target therefore is entitled to a declaration that CNA and/or Imperial Roof, its insured, is under a duty to defend Target in the underlying lawsuit brought by Karen Carr against Target.

## COUNT II
### Declaratory Judgment – Duty to Indemnify

38. Target incorporates paragraphs 1 - 37 as fully set forth above.

39. Target therefore is entitled to a declaration that CNA and/or Imperial Roof, its insured, are under a duty to indemnify Target in the underlying Carr lawsuit.

WHEREFORE, as a result of the above Target Corporation respectfully requests under Count I and/or II that a judgment against CNA and/or Imperial Roof (a) declaring that the Additional Insured Endorsement to the policy of insurance issued by CNA to Imperial Roof, under which Target is an additional insured, is valid and enforceable; (b) declaring that there is coverage for Target in the Carr lawsuit under the policy of insurance issued by CNA to Imperial Roof, under which Target is an additional insured; (c) declaring that CNA and Imperial Roof are obligated to defend Target as to the claims asserted by Karen Carr in connection with the June 1, 2013 incident involving Carr, (d) declaring that CNA and Imperial Roof are obligated to indemnify Target for any amounts the underlying plaintiff Karen Carr recovers against Target, whether by judgment, settlement or otherwise; (e) awarding Target its attorneys' fees and costs incurred in the

instant action; (f) awarding Target its attorneys' fees and costs incurred in defending the Karen Carr lawsuit, and (g) awarding such other and further relief allowed by law and equity as the Court deems just and proper.

## DEMAND FOR JURY

Target hereby demands a jury trial with respect to all issues so triable.

Dated at Broward County, Florida on this 30th day of June, 2015.

        Respectfully submitted,

By:   /s/ Nicolette John
Nicolette N. John, Esquire
Florida Bar No.: 674941
njohn@Florida-Law.com
agallagher@Florida-Law.com

Thomas W. Paradise, Esquire
Florida Bar: 907235
tparadise@Florida-Law.com
agarwood@Florida-Law.com

**VERNIS & BOWLING OF BROWARD, P.A.**
5821 Hollywood Blvd.
Hollywood, FL 33021
Tel: 954-927-5330
Fax: 954-927-5320
*Attorneys for the Plaintiff, Target Corporation*